```
        IN THE UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF ARKANSAS
                   WESTERN DIVISION
```

RUTHIE M. SEAWOOD                                          Plaintiff

v.                              4:05CV01001 SWW/HLJ

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                   Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright.  The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Ruthie M. Seawood, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the

Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on low back pain. (Tr. 79) The Commissioner found that she was not disabled within the meaning

of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through April 8, 2005, the date of his decision.  (Tr. 27-28)  On June 23, 2005, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.   (Tr. 5-7)   Plaintiff then filed her complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 59 years old at the time of the hearing.  (Tr. 299)  She is a high school graduate with one year of college.  (Tr. 85)  She has past relevant work as a medical records/ward clerk, receptionist, medical transcriptionist, file clerk, nursery school attendant, products assembler, cook's helper and home health aide. (Tr. 26, 65-68, 300, 303, 331)

The ALJ considered Plaintiff's impairments by way of the

---

[1]The Hon. Mark S. Anderson.

required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i)(2004). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. at § 404.1520(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. Id. at § 404.1520(4)(ii). If not, benefits are denied. Id. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. Id. at § 404.1520(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. Id., § 404.1520(a)(iii). If so, and the duration requirement is met, benefits are awarded. Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. Id., § 404.1520(4). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. Id., § 404.1520(4)(iv). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id., § 404.1520(4)(v). If so, benefits are

denied; if not, benefits are awarded.  Id.

The ALJ found that, although Plaintiff had worked part-time, she had not engaged in substantial gainful activity since her alleged onset date.  (Tr. 27)  He found that she had "severe" impairments, a history of diagnosis and treatment for Grave's disease[2] which had been maintained within adequate control, a history of hypertension amenable to adequate medical control, a history of lumbar sprain and a history of osteoarthritis of the knees and/or lumbar spine, but that she did not have an impairment or combination of impairments that met or equaled a Listing.  Id.  He judged that Plaintiff's allegations regarding the nature and severity of her impairments and her resulting limitations were not totally credible.  Id.

The ALJ found that Plaintiff retained the residual functional capacity for sedentary work.  Id.  He recognized that Plaintiff's past relevant work as a medical records/ward clerk, receptionist and medical transcriptionist, did not require the performance of work-related activities precluded by her limitations, and that her impairments did not prevent her performing that past relevant work. Id.  Consequently, the ALJ concluded that Plaintiff was not disabled. Id.

Plaintiff contends that the ALJ failed to recognize that she also suffered from mental impairments.  (Br. 11-13)  She conceded

---

[2]Toxic goiter characterized by diffuse hyperplasia of the thyroid gland, a form of hyperthyroidism.  PDR Medical Dictionary 515 (2d ed. 2000).

5

that perhaps she could have returned to work at the light and sedentary work levels from a strictly physical point of view. (Br. 11) In her Disability Report- Adult, she indicated that she stopped working because of lower back pain. (Tr. 79) She also mentioned that she could not stand more than three to four hours or lift more than ten pounds. Id. In addition, her blood pressure was high and her knee hurt. Id. There is no mention of mental impairment. Id. She did not list any treating source for mental impairment. (Tr. 81-82) She was taking no medication for mental problems. (Tr. 287) In response to questioning by the ALJ, Plaintiff indicated that she was not getting any counseling or treatment for depression or anxiety, and the last time that she had was in September of 1999. (Tr. 320-21) She was not taking any medications for depression or anxiety. (Tr. 321) She was taking Trazadone, but that was more for sleep. Id. In 1997-99, Plaintiff was seen for adjustment disorder and anxiety related to conflicts with fellow employees. (Tr. 198-205) By September 1, 1999, she reported doing well, with no conflicts at work and no medication. (Tr. 198) No return appointment was made, and she was to call if she thought she needed to be seen. Id. The ALJ considered her mental health history at some length. (Tr. 20-22) He concluded that any symptoms and limitations during the relevant time period[3] were not "severe." (Tr. 22) As the Court of Appeals noted in Pyland v. Apfel, 149 F.3d 873, 878 (8th Cir. 1998):

---

[3]After the alleged onset date of September 29, 2003.

6

> . . . evidence concerning ailments outside of the relevant time period can support or elucidate the severity of a condition. See Fowler, 866 F.2d at 252; Martonik, 773 F.2d at 240-41. However, evidence outside the relevant time period cannot serve as the only support for the disability claim. Such a holding would be contrary to the Social Security Act, 42 U.S.C. §§ 416(i), 423(c), which requires proof of disability during the time for which it is claimed.

The ALJ's discussion of Plaintiff's depression and anxiety was sufficient and his finding that they were not "severe" during the relevant time period is supported by substantial evidence.

Plaintiff also contends that the ALJ failed to understand the nuances of her Grave's disease, and failed to develop the record in relation to it. (Br. 13-14) The ALJ discussed Plaintiff's Grave's disease. (Tr. 19-20) He found that it had been adequately controlled. (Tr. 20) Although hyperthyroidism was diagnosed, Plaintiff had none of the thyroid symptoms.[4] (Tr. 180) She underwent treatment with radioactive iodine. (Tr. 115) She was started on Synthroid. (Tr. 171, 178) No significant symptoms were noted on follow up. (Tr. 168, 171) The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. E.g., Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). In this case, there was clearly sufficient evidence upon which to base a decision. Furthermore, the ALJ properly focused on Plaintiff's ability to function despite her impairment, rather than on a diagnosis. Anderson v. Apfel, 996

---

[4] Weight changes, heat or cold intolerance, change in bowel habits, palpitations, tremor or lethargy. (Tr. 180)

F.Supp 869, 873 (E.D. Ark. 1998).  There must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs.  Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990).

Plaintiff also contends that the ALJ failed to consider her impairments in combination.  (Br. 14)  The ALJ discussed Plaintiff's impairments individually (Tr. 18, 19, 20, 21, 22, 23) and in combination (Tr. 18, 19, 20, 22, 23, 24, 26, 27).  Furthermore, the ALJ discussed Plaintiff's limitations of function, which are a cumulation of her impairments, at some length.  (Tr. 18, 19, 20, 21, 22, 23, 24, 25, 26, 27)  Plaintiff's point is not well taken.  See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994); Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992).

Finally, Plaintiff takes issue with the ALJ's credibility determination.  (Br. 14-15)  The ALJ evaluated Plaintiff's subjective complaints in light of Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).[5]  (Tr. 23-26)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

---

[5]The ALJ also cited S.S.R. 96-7p and 20 C.F.R. § 404.1529.  (Tr. 23)  That ruling tracks Polaski and 20 C.F.R. § 404.1529 (c)(3) and elaborates on them.

   1. the claimant's daily activities;

   2. the duration, frequency and intensity of the pain;

   3. precipitating and aggravating factors;

   4. dosage, effectiveness and side effects of medication;

   5. functional restrictions.

   The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

Polaski v. Heckler, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability.  No evaluations showed medical conditions that were disabling.  Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints.  Richmond v. Shalala, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the lack of medical evidence in support of Plaintiff's allegations, Plaintiff's daily activities, her functional capabilities and the lack of restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints.  See, e.g., Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); Dodson v. Chater, 101 F.3d 533, 534 (8th Cir. 1996)(after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies

in evidence as a whole).

In a partially completed Disability Supplemental Interview Outline dated October 20, 2003 (Tr. 77), Plaintiff indicated that she prepared meals, including sandwiches, frozen dinners, meats, vegetables and desserts; paid bills, used a checkbook and counted change; drove and walked for exercise or errands; attended church, watched television, listened to the radio, read, visited friends and relatives a little, sewed and watered her plants (Tr. 74). Those activities are consistent with sedentary work.

The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered. Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir. 2006); Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004).

Plaintiff contends that Defendant "ignored" Plaintiff's witness statements. (Br. 15)  The ALJ did not discuss them, no doubt because they were submitted only to the Appeals Council. (Tr. 4, 8)  The Appeals Council explicitly noted that that additional evidence was considered. (Tr. 5)

The ALJ's credibility analysis was proper. He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. E.g., Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996); Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of

the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this 8th day of September, 2006.


_____
UNITED STATES MAGISTRATE JUDGE